UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DONALD LEAMON HUGHART, )
)
        Petitioner, )
)
v. ) Case No. 19-CV-0329-RAW-KEW
)
WILLIAM RANKINS,[1] )
)
        Respondent. )

## OPINION AND ORDER

Petitioner Donald Hughart, a state prisoner appearing *pro se*,[2] brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the revocation of his suspended sentences for violation of a probation condition. Respondent William Rankins has filed a response (Dkt. 20) in opposition to the petition, as well as the state-court record (Dkt. 21), and Hughart has submitted a reply (Dkt. 27). Because Hughart's claims challenge the revocation of suspended sentences, rather than the validity of his underlying convictions, the Court will construe the petition under 28 U.S.C. § 2241, rather than § 2254. *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1041 (10th Cir. 2017) ("A state prisoner's challenge to the revocation of a suspended sentence is properly brought under § 2241."). Having considered the parties' arguments and the relevant record, the Court denies the Petition.

---

[1] Petitioner presently is incarcerated at the Oklahoma State Reformatory (OSR), in Granite, Oklahoma. The Court therefore substitutes the OSR's current warden, William Rankins, in place of Scott Crow, as party respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The Clerk of Court shall note this substitution on the record.

[2] Because Petitioner appears without counsel, the Court must liberally construe his pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as an advocate on his behalf by crafting legal arguments or scouring the record for facts to support his claims. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

I.     BACKGROUND

In 2003, Hughart was convicted in the District Court of Muskogee County, Case No. CF-2003-59, on one count of first-degree arson. Dkt. 21-3, at 72.[3] Hughart's sentence for this crime was commuted in 2008 to a thirty-year suspended sentence. *Id.* at 154. In 2011, Hughart was convicted in the District Court of Muskogee County, Case No. CF-2011-813, on one count of planning, conspiring, or endeavoring to perform an act of violence, and received a twenty-year suspended sentence. Dkt. 21-6, at 75. Both suspended sentences were subject to certain rules and conditions of supervised probation, including the condition that Hughart "refrain from violation of any City, State or Federal laws." Dkt. 21-3, at 157; Dkt. 21-6, at 77.

In 2017, Hughart was charged with the felony of domestic assault and battery, second and subsequent, in the District Court of Muskogee County, Case No. CF-2017-454. Dkt. 21-6, at 163. Pointing to this new felony charge, the State sought to revoke both of Hughart's suspended sentences, arguing that he violated the terms and conditions of his probation by violating the law. *Id.*; Dkt. 1-2, at 20. Following a hearing on May 1, 2017, the state district court granted the State's applications, revoked the suspended sentences in full, and ordered that the sentences run concurrently. Dkt. 20-14, at 134-35; Dkt. 21-6, at 173-74. On September 28, 2017, the State dismissed the charge of domestic assault and battery in Case No. CF-2017-454.

Hughart filed a direct appeal of the revocation of his suspended sentences in the Oklahoma Court of Criminal Appeals (OCCA) but did not raise the matters on which he now seeks federal habeas relief. Dkt. 20-2, at 10-19. Rather, Hughart appealed the revocation based on the following alleged errors:

---

[3] The Court's citations refer to the CM/ECF header pagination.

1. The District Court's pre-determination that any future probation violation would result in full revocation was a refusal to exercise discretion which resulted in an excessive revocation.

2. Mr. Hughart was denied due process when the trial court based its order of revocation on a matter not alleged in the State's motion to revoke suspended sentence.

3. The trial court abused its discretion where it based the revocation on evidence that did not pertain to the motion to revoke and instead relied on matters that were the subject of a previous application to revoke that had been ruled on by the court.

Dkt. 21-1, at 4. The OCCA denied the appeal. *Id.* at 4-6.

Hughart then sought post-conviction relief in District Court of Muskogee County Case Nos. CF-2003-59 and CF-2011-813. Dkt. 20-4. In his initial application, filed August 22, 2018, Hughart alleged that he had been denied the opportunity "to prove [his] innocence" as to the probation violation due to the dismissal of the domestic assault and battery charge. Dkt. 20-4, at 2-3, 5. The state district court denied relief, holding that the claim was procedurally barred either by the doctrine of *res judicata*[4] or, to the extent the claim had not been previously raised, by waiver. Dkt. 20-5, at 5. Hughart did not appeal this determination to the OCCA, but instead filed a second application for post-conviction relief in Case Nos. CF-2003-59 and CF-2011-813, raising substantially the same argument. Dkt. 20-6, at 2-6. The state district court again denied relief on the basis that the claim was procedurally barred, and Hughart did not appeal. Dkt. 20-7, at 1-2.

In a third application for post-conviction relief filed on August 28, 2019, in Case No. CF-2003-59, Hughart raised three grounds for relief: (1) the State's dismissal of the domestic assault and battery charge constituted a denial of due process because it prevented him from proving at trial that he had not violated the terms and conditions of his probation; (2) his revocation counsel

---

[4] The record reflects that this claim was not raised on direct appeal or otherwise addressed on the merits in state court. *See* Dkt. 20-2, at 10-19.

was constitutionally ineffective for failing to object to the State's dismissal of the domestic assault and battery charge; and (3) his appellate counsel was constitutionally ineffective for failing to raise the issue of the State's dismissal of the domestic assault and battery charge in Hughart's direct appeal of the revocation determination. Dkt. 20-8, at 1-6. The state district court denied Hughart's due process claim as procedurally barred either by the doctrine of *res judicata* or by waiver and denied the claims of ineffective assistance of trial and appellate counsel as waived. Dkt. 20-9, at 5-6. Hughart appealed, and on February 21, 2020, the OCCA affirmed the state district court's determination:

> All issues previously ruled upon by this Court are *res judicata*, and all issues not raised in the direct appeal, which could have been raised, are waived. Moreover, 22 O.S.2011, § 1086, directs that all grounds for relief available to an applicant under the Post-Conviction Procedure Act must be raised in the original application and that any ground not so raised, or bypassed, may not be the basis for a subsequent application unless sufficient reason is given for not asserting or inadequately raising the issue in the prior application or in any other proceeding taken to secure relief.
>
> The record reflects that this is Petitioner's second [sic] application for post-conviction relief which has been denied. The denial of his first post-conviction application was not appealed to this Court. These issues are barred by the doctrine of *res judicata* and/or have been waived. The order of the District Court of Muskogee County denying Petitioner's subsequent application for post-conviction relief is AFFIRMED.

Dkt. 20-12, at 2-3.

II.   THE PETITION AND MOTIONS TO AMEND/SUPPLEMENT

Hughart's federal petition raises three grounds for relief: (1) the State's dismissal of the domestic assault and battery charge constituted a denial of due process because it prevented him from proving at trial that he had not violated the terms and conditions of his probation; (2) his revocation counsel was constitutionally ineffective for failing to object to the State's dismissal of the domestic assault and battery charge or consult with Hughart regarding the dismissal; and (3) his appellate counsel was constitutionally ineffective for failing to raise the issue of the State's

4

dismissal of the domestic assault and battery charge in Hughart's direct appeal of the revocation determination. Dkt. 1, at 5, 7; Dkt. 1-2, at 23.

As an initial matter, Hughart has submitted three motions seeking to amend or supplement the petition (Dkts. 43, 44, 48), which are currently pending before the Court. Rankins has filed two responses (Dkts. 45, 46), and Hughart has replied (Dkt. 47). Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Carter v. Bigelow*, 787 F.3d 1269, 1278 n.6 (10th Cir. 2015) ("[T]he standard used by courts in deciding to grant or deny leave to supplement is the same standard used in deciding whether to grant or deny leave to amend." (internal quotation marks omitted)). Leave to amend, however, may be denied based on undue delay or when amendment would be futile. *See Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994).

    a.    *Petitioner's First "Motion for Addition of Supplemental Information" (Dkt. 43)*

On March 28, 2022, Hughart filed a motion seeking to "add and cite" section 814 of title 22 of the Oklahoma Statutes. Dkt. 43, at 1; *see* Okla. Stat. tit. 22, § 814 ("If the court direct the action to be dismissed, the defendant must, if in custody, be discharged therefrom, or if admitted to bail, his bail is exonerated . . . ."). Hughart contends that, pursuant to the statute, the state district court should have "reinstated [his] probation" upon the dismissal of Case No. CF-2017-454. Dkt. 43, at 2. Hughart also appears to argue that the statute supports his claim that his revocation counsel was ineffective for failing to object to the dismissal of Case No. CF-2017-454. *Id.* at 3. Rankins asserts that amendment would be futile because the arguments are unexhausted and subject to an anticipatory procedural bar. Dkt. 45, at 16. The Court agrees.

"'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to

5

state court to exhaust it." *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002). Oklahoma bars claims in post-conviction proceedings that could have been raised previously on direct appeal but were not. *See Davis v. Sharp*, 943 F.3d 1290, 1296 (10th Cir. 2019). Oklahoma additionally bars claims in post-conviction proceedings that could have been raised in an original application for postconviction relief but were not. *See id.* Accordingly, if Hughart were to return to state court to present the proposed claims, the state court would find them procedurally barred. Though a petitioner can overcome a procedural bar by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law, or [by] demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice," Hughart has not advanced argument on these points. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see Spears v. Mullin*, 343 F.3d 1215, 1252-53 (10th Cir. 2003) (finding claim procedurally barred where petitioner "[did] not address his alleged procedural default" by challenging the state procedural rule's adequacy or alleging cause and prejudice or a fundamental miscarriage of justice).

Because the argument proposed in Hughart's "Motion for Addition of Supplemental Information" is unexhausted and subject to an anticipatory procedural bar, amendment would be futile. Further, Hughart has not provided adequate justification for the delay in his request, which comes nearly two and a half years after he initiated this action. Accordingly, Hughart's motion (Dkt. 43) is denied.

   b. *Petitioner's Second "Motion for Addition of Supplemental Information" (Dkt. 44)*

In his second motion filed on March 28, 2022, Hughart seeks to expand his due process claim to assert violations of the procedural protections described in *Morrissey v. Brewer*, 408 U.S. 471 (1972). Specifically, Hugharts seeks to argue that (1) he did not receive "notice of evidence" because his counsel failed to visit him in jail or otherwise consult with him in preparation for the

6

hearing, (2) the state district judge who revoked his suspended sentences was biased because he determined before the hearing that Hughart's revocation would be revoked in full, and (3) the state district court's written decision falsely states that Hughart stipulated to the probation violation. Dkt. 44, at 1-4. Rankins argues that amendment would be futile because the proposed amendments to Hughart's due process claim are unexhausted and subject to an anticipatory procedural bar. Dkt. 46, at 15-20. The Court agrees.

Regarding the first argument, Hughart did raise a due process claim on direct appeal in which he alleged lack of notice under *Morrissey*. *See* Dkt. 20-2, at 14-16. This claim, however, was predicated on the argument that the state district court violated Hughart's due process rights by basing the revocation determination on matters not alleged in the State's motion to revoke. The claim did not allege a due process violation on the part of Hughart's attorney. *Grant v. Royal*, 886 F.3d 874, 891 (10th Cir. 2018) (explaining that a petitioner cannot "'shift' the 'basis for [his or her] argument' away from what was previously raised in state court.").

Regarding the second argument, Hughart did claim on direct appeal that the state district judge predetermined the outcome of the revocation hearing. *See* Dkt. 20-2, at 10-13. The specific claim raised on appeal, however, was that the judge abused his discretion under state law, not that Hughart's due process rights were violated because the judge was not "neutral and detached," as contemplated in *Morrissey*. *See* Dkt. 20-2, at 10-13; *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").

Because Hughart's arguments could have been raised either on direct appeal or in his initial application for post-conviction relief, the state court would now find the claims procedurally

7

barred pursuant to Oklahoma's waiver rules. *See Davis*, 943 F.3d at 1296. Accordingly, Hughart's arguments are subject to an anticipatory procedural bar, and amendment would therefore be futile. Additionally, Hughart has failed to provide adequate justification for the delay in his request to supplement his claim. For these reasons, the Court denies Hughart's second "Motion for Addition of Supplemental Information" (Dkt. 44).

      c. *Petitioner's "Motion for Leave to Amend Petition" (Dkt. 48)*

Finally, Hughart filed a motion to amend (Dkt. 48) on September 1, 2022, stating that he completed his sentence for Case No. 2011-813 during the pendency of this action. Hughart therefore requests that his federal habeas petition now reflect only Case No. CF-2003-59. The Court grants this request and construes Hughart's petition as seeking relief from the revocation of his suspended sentence in Case No. CF-2003-59 only.

III.    DISCUSSION

In his response to Hughart's petition, Rankins raises the affirmative defense of procedural default, arguing that Hughart's claims for federal habeas relief were defaulted in state court and are therefore procedurally barred from federal review. Dkt. 20, at 13-25. Under the doctrine of procedural default, federal courts are precluded from "consider[ing] issues on habeas review that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *McCracken v. Gibson*, 268 F.3d 970, 976 (10th Cir. 2001) (internal quotation marks omitted). "To be independent, the procedural ground must be based solely on state law." *Cole v. Trammell*, 755 F.3d 1142, 1159 (10th Cir. 2014) (internal quotation marks omitted). To be adequate, a state procedural ground "must be strictly or regularly followed and applied evenhandedly to all similar claims." *Id.* (internal quotation marks omitted). Where, as here, the State has pleaded the

affirmative defense of a state procedural bar, "the burden to place that defense in issue shifts to the petitioner," who must, at a minimum, provide "specific allegations . . . as to the inadequacy of the state procedure." *Hooks v. Ward*, 184 F.3d 1206, 1217 (10th Cir. 1999).

Here, Hughart failed to raise his due process and ineffective assistance of counsel claims in his direct appeal or initial application for post-conviction relief. Accordingly, the OCCA determined Hughart's claims had been procedurally defaulted. Dkt. 20-12, at 3. Hughart does not dispute the independence or adequacy of the state procedural grounds on which the OCCA denied his claims, and the Tenth Circuit consistently has found Oklahoma's waiver rules to be both independent and adequate (with an exception not applicable here). *See Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000) (addressing state bar to claims raised in post-conviction application that could have been raised on direct appeal); *Moore v. Reynolds*, 153 F.3d 1086, 1097 (10th Cir. 1998) (addressing state bar to claims raised in second or subsequent application for post-conviction relief that could have been brought in the initial application); *Smith v. Workman*, 550 F.3d 1258, 1266 (10th Cir. 2008).

Thus, to overcome the procedural bar, Hughart must demonstrate either "cause for the default and actual prejudice," or a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Hughart asserts in his reply brief that his appellate counsel's failure to assert his due process claim in his direct appeal constitutes cause for the default of that claim in state court. Dkt. 27, at 5, 8-9. Though Hughart has raised a claim of ineffective assistance of appellate counsel in relation to the defaulted due process claim, Hughart's claim of ineffective assistance of appellate counsel is procedurally barred and therefore cannot serve as cause for purposes of overcoming procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be

9

procedurally defaulted."). Further, Hughart provided no argument suggesting that his claims must be reviewed on the merits to prevent a fundamental miscarriage of justice.[5] *See Spears*, 343 F.3d at 1252-53.

Accordingly, the Court finds that Hughart's claims are procedurally barred from federal habeas review.

IV. CONCLUSION

Based on the foregoing, the Court denies Hughart's petition for writ of habeas corpus (Dkt. 1). Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states

---

[5] The fundamental miscarriage of justice exception to the procedural default rule "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (alteration and internal quotation marks omitted). Though Hughart alleges in the context of his due process claim that he planned to prove his innocence of the charge underlying the revocation of his suspended sentence, he does not directly claim actual innocence as a means of overcoming the procedural default. Further, even if the Court were to assume that the fundamental miscarriage of justice exception applies in this context, despite the lack of conviction on the charge, Hughart has not supplemented his constitutional claims "with a colorable showing of factual innocence." *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (internal quotation marks omitted).

a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that the requisite standards have not been met in this case and therefore declines to issue a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the Clerk of Court shall note on the record the substitution of William Rankins in place of Scott Crow as party respondent;

2. Hughart's first "Motion for Addition of Supplemental Information" (Dkt. 43) is **denied**;

3. Hughart's second "Motion for Addition of Supplemental Information" (Dkt. 44) is **denied**;

4. Hughart's "Motion for Leave to Amend Petition" (Dkt. 48) is **granted**;

5. the petition for writ of habeas corpus (Dkt. 1) is **denied**; and

6. a certificate of appealability is **denied**.

**DATED** this 1st day of March, 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA