IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD L. HUGHART, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 19-CV-329-RAW-DES |
| ) | |
| WILLIAM RANKINS, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This matter is before the Court on Petitioner's two motions for reconsideration of previous rulings in this action. (Dkts. 51, 53). Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, he is challenging the Court's Opinion and Order dismissing the case (Dkt. 49) and its Judgment (Dkt. 50), both entered on March 1, 2023. He also requests additional review of his motions to amend and to supplement the petition (Dkts. 34, 35).

As set forth in the Court's previous Opinion and Order (Dkt. 49), Petitioner is asking for relief under 28 U.S.C. § 2241 for the revocation of his suspended sentence in Muskogee County District Court Case No. CF-2003-59 for first degree arson. *Id*. at 1, 8. In 2008, his sentence for this crime was commuted to a 30-year suspended sentence. *Id.* at 2. In 2017, however, he was charged with the felony of domestic assault and battery, second and subsequent, in Muskogee County District Court Case No. CF-2017-454. *Id.* The State sought to revoke Petitioner's suspended sentence, arguing that he had violated the terms and conditions of his probation by violating the law. *Id.* The State's application was granted, and the suspended sentence in Case No. CF-2003-59 was revoked in full on May 1, 2017. *Id*. On September 28, 2017, the State dismissed the charge of domestic

assault and battery in Case No. CF-2017-454. *Id.*[1]

Petitioner filed a direct appeal of the revocation of his suspended sentences in the Oklahoma Court of Criminal Appeals, but he did not raise the three grounds for relief he raised in his habeas petition. *Id.* at 2-3. The direct appeal failed, and Petitioner's attempts at post-conviction relief also were unsuccessful. *Id*. at 3-4

**Petitioner's Claims**

Petitioner alleged three claims for habeas corpus relief in his petition:

(1)   The State's dismissal of the domestic assault and battery charge constituted a denial of due process, because it prevented him from proving at trial that he had not violated the terms and conditions of his probation. *Id*. 4.

(2)   Revocation counsel was constitutionally ineffective in failing to object to the State's dismissal of the domestic assault and battery charge or to consult with him regarding the dismissal. *Id.*

(3)   Appellate counsel was constitutionally ineffective for failing to raise the issue of the State's dismissal of the domestic assault and battery charge in his direct appeal of the revocation determination. *Id*. at 4-5.

The Court has carefully reviewed the record and construes Petitioner's pro se pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall*

---

[1] In 2011, Petitioner also was convicted in Muskogee County District Court Case No. CF-2011-813 of planning, conspiring, or endeavoring to perform an act of violence, and he received a 20-year suspended sentence which also was revoked. (Dkt. 49 at 2). During the pendency of this action, he dismissed his habeas claims for Case No. CF-2011-813, because that sentence had been completed. *Id*. at 2, 8.

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**First Motion for Reconsideration**

Petitioner argues in his first motion for reconsideration (Dkt. 51) that he spoke with his appellate counsel about raising additional grounds on direct appeal of the revocation and that the attorney's failure to do so serves as cause under ineffective assistance of counsel. *Id*. at 1. He apparently is claiming this issue constitutes "an additional due process claim," because the ruling by the Oklahoma Court of Criminal Appeals was based on grounds not raised by counsel." *Id*. at 1-2.

The Tenth Circuit holds that grounds for relief under Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* It is not, however, an appropriate vehicle to revisit an issue already addressed or to present a new argument that could have been previously raised. *Id*. The Court possesses "considerable discretion" when granting or denying a Rule 59(e) motion. *Brown v. Presbyterian Health Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996). A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence."

Here, the Court finds that Plaintiff is attempting to raise a new claim through his first motion for reconsideration (Dkt. 51), which is not appropriate for a Rule 59(e) motion. Therefore, his first motion for reconsideration is DENIED.

**Second Motion for Reconsideration**

Petitioner's second motion for reconsideration (Dkt. 53), was filed on August 7, 2023, more than 28 days after entry of the Judgment on March 1, 2023 (Dkt. 50). Because a motion to alter or amend a judgment must be filed within 28 days from the entry of judgment, Fed. R. Civ. P. 59(e), the Court liberally construes Petitioner's second motion for reconsideration as a motion pursuant to Fed. R. Civ. P. 60(b), which must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Petitioner's second motion asks the Court to review his motion to amend petition and add supplemental information (Dkt. 34) and his notice of exhaustion of state remedies to allow amendment and supplemental information (Dkt. 35), because his "right to due process may have been violated." *Id.* at 1-2.[2] In support of his claim, he cites *Graham v. White*, No. 23-CV-164-CVE-WL 2023 WL 4290054 (N. D. Okla. June 30, 2023).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Id.* at 528. Moreover, a movant must show "extraordinary circumstances" to justify the reopening of his final judgment under Rule 60(b)(6). *Gonzalez*, 545 U.S. at 535 (citations omitted). Here, the Court finds Petitioner has failed to meet the requirement of Rule 60(b).

The Court further finds the *Graham* case is inapplicable to this habeas petition. *Graham*, a habeas corpus action in the Northern District of Oklahoma, concerned the State's request to stay a judgment granting an unconditional writ of habeas corpus with directions to immediately release the petitioner. *Graham*, WL 2023 WL 4290054 at *1. The opinion concerned the application of

---

[2] These two motions concerned *McGirt v. Oklahoma*, 591 U.S. __, 140 S. Ct. 2452 (2020).

*McGirt*, however, Petitioner did not raise a *McGirt* claim in his habeas petition, and he has not shown he is entitled to relief under that decision. Therefore, the second motion for reconsideration (Dkt. 53) is DENIED.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not "demonstrate[d] that reasonable jurists would find [this] court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, Petitioner should be denied a certificate of appealability.

**ACCORDINGLY**, Petitioner's motions for relief pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure (Dkts. 51, 53) are DENIED, and Petitioner is denied a certificate of appealability.

**IT IS SO ORDERED** this 17th day of January 2024.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE